# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 13-723V
(E-Filed: January 29, 2014)

```
* * * * * * * * * * * * *
JASON BLUMENSTOCK,            *
                              *
                              *    UNPUBLISHED DECISION
              Petitioner,     *
                              *    Stipulation; Influenza Vaccine;
v.                            *    Bell's Palsy
                              *
SECRETARY OF HEALTH           *
AND HUMAN SERVICES,           *
                              *
              Respondent.     *
* * * * * * * * * * * * *
```

## UNPUBLISHED DECISION[1]

On January 28, 2014, Respondent filed a joint stipulation concerning the petition for compensation filed by Jason Blumenstock on September 24, 2013. In his petition, Petitioner alleged that the influenza vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which he received on October 3, 2012, caused him to develop Bell's Palsy. Petitioner further alleges that he suffered the residual effects of this injury for more than six months. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition. Stipulation at ¶¶ 2, 4, 5.

---

[1]   Because this unpublished decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this order on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, "the entire" order will be available to the public. *Id.*

Respondent denies that the influenza vaccine caused Petitioner to suffer Bell's Palsy or any other injury. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

a. **A lump sum payment of $75,000.00 in the form of a check payable to Petitioner, Jason Blumenstock. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

b. **A lump sum of $11,745.08 in the form of a check payable jointly to Petitioner and Petitioner's attorney Andrew Downing, for attorneys' fees and costs available under 42 U.S.C. §300aa-15(e). In compliance with General Order #9, Petitioner incurred no out-of-pocket expenses in proceeding on the petition.**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 13-723V according to this decision and the attached stipulation.[2]

Any questions may be directed to my law clerk, Camille Collett, at (202) 357-6361.

**IT IS SO ORDERED.**

> s/Lisa Hamilton-Fieldman
> Lisa Hamilton-Fieldman
> Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JASON BLUMENSTOCK, | ) |
| Petitioner, | ) No. 13-723V |
| v. | ) Special Master Hamilton-Fieldman |
| | ) ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES | ) |
| Respondent. | ) |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received the flu vaccination on or about October 3, 2012.

3. The vaccine was administered within the United States.

4. Petitioner alleges that the flu vaccine caused him to develop Bell's palsy, and that he experienced the residual effects of this condition for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of his condition.

6. Respondent denies that the flu immunization is the cause of petitioner's alleged Bell's palsy, and/or any other injuries.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

    a.    A lump sum of $75,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a);

    b.    A lump sum of $11,745.08 in the form of a check payable jointly to petitioner and petitioner's attorney, Andrew D. Downing, for attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In compliance with General Order #9, petitioner incurred no out-of-pocket litigation expenses in proceeding on the petition.

9. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

10. Payments made pursuant to paragraph 8 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

12. In return for the payments described in paragraph 8, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccine administered on or about October 3, 2012 as alleged by petitioner in a petition for vaccine compensation filed on or about September 24, 2013, in the United States Court of Federal Claims as petition No. 13-723V.

13. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties'

respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged Bell's palsy, and/or any other injury.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

*/s/ Jason Blumenstock*
JASON BLUMENSTOCK

ATTORNEY OF RECORD FOR PETITIONER:

*/s/ Andrew D. Downing*
ANDREW D. DOWNING
Hennelly & Steadman PLC
Goldsworthy House
322 West Roosevelt
Phoenix, AZ 85003
(602) 230-7000

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*/s/ Vincent J. Matanoski*
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*/s/ Vito Caserta*
VITO CASERTA, M.D., M.P.H
Acting Director, Division of Vaccine Injury Compensation (DVIC), Director, Countermeasures Injury Compensation Program (CICP)
Healthcare Systems Bureau, U.S. Department Of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

*/s/ Gordon Shemin*
GORDON SHEMIN
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4208

Dated: 28 January 2014